IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JULIE BLANCHARD, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-0686-MJR-RJD |
| | ) | |
| FALLS COLLECTION SERVICES, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Julie Blanchard has been or is a plaintiff in various lawsuits in this District, including two open/pending cases assigned to the undersigned. One of those (the above-captioned suit) asserts violations of the federal Fair Debt Collection Practices Act (conferring subject matter jurisdiction under 28 U.S.C. 1331), was filed June 30, 2017, and had an August 8, 2017 answer-due deadline by Defendant Falls Collection Services.

On August 14, 2017, the undersigned entered an Order noting that the answer deadline had passed without any answer or motion by Defendant and without any notification or action taken by Plaintiff Blanchard. The undersigned directed Plaintiff's counsel, by September 5, 2017, to move to voluntarily dismiss the case, file a notice of settlement, file a status report, or move for a *clerk's entry of default under Rule 55(a)* of the Federal Rules of Civil Procedure (Doc. 11). On September 1, 2017, Plaintiff's counsel

moved for *default judgment under Rule 55(b)* of the Federal Rules of Civil Procedure. The Court denies the motion at this time, as prematurely filed.

The Federal Rules of Civil Procedure set out a two-step process under which a plaintiff must secure a clerk's entry of default under Rule 55(a) before moving for default judgment under Rule 55(b). Federal Rule of Civil Procedure 55(b)(1) governs default judgment motions where the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Default judgment under Rule 55(b)(1) may be entered by the clerk of court or the district judge assigned to the case and is appropriately granted if the defendant is not a minor or incompetent person, the claim is for a sum certain (or sum which can be made certain by calculation), and the plaintiff supplies an affidavit showing the amount due.[1] Compliance with Local Rule 55.1(b) of the Local Rules of this District is another prerequisite to obtaining default judgment.

Because Plaintiff has not yet secured a clerk's entry of default under Rule 55(a), the Court **DENIES** the motion for default judgment under Rule 55(b) (Doc. 12). This ruling is without prejudice to Plaintiff re-filing a motion for default judgment, properly supported and showing compliance with Local Rule 55.1(b) after a clerk's entry of default has been secured.

---

[1] Rule 55(b)(2) covers all other cases, must be entered by the judge (not the clerk), and authorizes the court to hold a hearing, if needed, to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

IT IS SO ORDERED.

DATED September 5, 2017.

                                                **_s/ Michael J. Reagan_**
                                                Michael J. Reagan
                                                United States District Judge